Mr. Justice NELSON
delivered the opinion of the court:
It is not important to inquire as to the power of Congress to pass this law independently of any application from the Territorial legislature, as the assent of the people through their convention, by coming into the Union as a State, upon the terms proposed, must be regarded as binding the State. The right of the State to the school sections within it must, therefore, be subject to the modification contained in the joint resolution, and that modification is, that in ease a person shall have made a settlement upon any school section, by the erection of a dwelling-house on the same, or the cultivation of any portion of it before the survey; and further, can bring himself within the provisions of the Pre-emption Act of 1841, he shall be entitled to the section thus improved, in preference to any title of the State.
This was the state of the law in respect to these school sections in Minnesota, at the time of the application of L. and J. Mills to the register and receiver for the pre-emption of the premises in question, and of the issuing of the patent certificates by them, August 15th, 1857.
*115 As we have seen, the defendant, who claims under L. and J. N. Mills, relies on these patent certificates and the patents issued in pursuance thereof.
To these the plaintiff replies that they were obtained by fraud and misrepresentation; that L. and J. Mills did not settle on the premises, nor erect a dwelling-house thereon, nor make any improvements on the same, previous to the survey of the sections by the government; and besides their false representations to the register and receiver, they procured one George Dazner to make a false affidavit as evidence of the settlements, erection of the dwelling-houses and improvements before these officers. The court below refused to give any efiect to these facts as set forth in the pleadings, of as offered to be proved on the'issues of fact before the jury, and the ground taken to uphold these rulings is, that the decision of the register and receiver and certificates issued were conclusive upon the court, and not revisable or to be inquired into; and that the remedy of the party aggrieved was by an application to the Commissioner of the Land Office or Secretary of the Interior.
These questions have been so often before this court, and were so fully considered in the last case (Lindsey et al. v. Hawes et al.)* where the authorities are collected, that it would be a waste of time to re-examine them.
A court of equity will look into the proceedings before the register and receiver, and even into those of the land office or other offices, where the right of property of the party is involved, and correct errors of law or of fact to his prejudice. The proceedings are ex parte and summary before these officers, and no notice is contemplated or provided for by the pre-emption laws as to parties holding adverse interests, nor do they contemplate a litigation of the right between the applicant for a pre-emption claim with a third party. The question as contemplated is between the settler and the government, and if a compliance with the conditions is shown to the satisfaction of the officers, the patent certificate is granted.
*116 The court below, therefore, erred in their rulings on the demurrer, and also on the trial of the issues in fact.
A point is made under the 25 th section of the Judieiary Act, that this court has no jurisdiction to reverse the judgment of the court below. But the right of the State to these school sections rests upon acts of Congress, which were set up and relied on in this ease, and the decision of the court below against it.
The judgment of the court below is reversed, with costs, and the cause remanded, with directions to enter judgment overruling the demurrer to plaintiff’s replications, and to issue venire de novo, &e.
Judgment accordingly.

 2 Black, 254, 557, 558. See also O’Brien v. Perry, 1 Id., 139.